UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLOTTIA MAXWELL,

    Plaintiff,

v.

WAYNE COUNTY, ET AL.,

    Defendants.
                                         /

Case No.15-12770

Honorable Nancy G. Edmunds

**ORDER DISMISSING THE SHAMROCK DEFENDANTS**

On August 6, 2015, Plaintiff Charlottia Maxwell filed this *pro se* lawsuit against the Wayne County Treasurer, Sharmrock Investment Group, LLC, and several of Shamrock's individual members (collectively, the "Shamrock Defendants"). Plaintiff's complaint asserts various causes of action under 42 U.S.C. § 1983 stemming from the foreclosure of her home. Because the Shamrock Defendants are not state actors, the Court must, and does, dismiss them from this action.

"As courts of limited jurisdiction, federal courts may exercise only those powers authorized by the Constitution and statute." *Fisher v. Peters*, 249 F.3d 433, 444 (6th Cir. 2001). Indeed, "[t]he objection that a federal court lacks subject-matter jurisdiction, see Fed. R. Civ. P. 12(b)(1), may be raised by a party, or by a court on its own initiative, at any stage in the litigation . . . . " *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506 (2006). The Court is mindful that a *pro se* litigant's complaint is to be construed liberally and is held to "less stringent standards" than a complaint drafted by counsel. *See Haines v. Kerner*, 404 U.S.

519, 520 (1972). Nonetheless, such complaints still must plead facts sufficient to show a redressable legal wrong has been committed. Fed. R. Civ. P. 12(b).

Here, Plaintiff maintains that the Wayne County Treasurer and the Shamrock Defendants violated "the Due Process Clause of the United States Constitution 5th and 14th amendments . . . ." Under 42 U.S.C. § 1983, "an individual may bring a private cause of action against anyone who, under color of state law, deprives a person of rights, privileges, or immunities secured by the Constitution or conferred by federal statute." *Wurzelbacher v. Jones–Kelley*, 675 F.3d 580, 583 (6th Cir.2012). The Fourteenth Amendment's Due Process Clause provides that "no State shall . . . deprive any person of life, liberty, or property, without due process of law . . . ." U.S. Const. amend. XIV, § 1. "This Amendment governs only state action, not the actions of private citizens or organizations." *Brown v. Hatch*, 984 F. Supp. 2d 700, 707 (E.D. Mich. 2013) (citing *Rendell–Baker v. Kohn*, 457 U.S. 830, 837-38 (1982)).

The sole allegation in Plaintiff's complaint providing for federal jurisdiction against the Shamrock Defendants is the contention that they acted in violation of the 5th and 14th Amendments to the Constitution. Noticeably absent from Plaintiff's complaint, however, is any allegation that these Defendants--which appear to be a private corporation and its individual members--were acting under the color of state law. Where, as here, Plaintiff has failed to assert a plausible jurisdictional hook permitting this Court to exercise its power over the Shamrock Defendants, it must dismiss all claims against them. *See Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003) ("A plaintiff may not proceed under § 1983 against a private party 'no matter how discriminatory or wrongful' the party's conduct.") (internal citations omitted).

For the foregoing reasons, Plaintiff's § 1983 claims against Shamrock Investment Group, LLC, Gita Sorahpoor, Ghina Seblani, Souheila Bitar, and Ray Freedman are hereby DISMISSED. The Clerk of the Court is directed to terminate all Defendants in this matter with the exception of the Wayne County Treasurer.

SO ORDERED.

S/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: August 26, 2015

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 26, 2015, by electronic and/or ordinary mail.

S/Carol J. Bethel
Case Manager